1

2

Christopher B. Dolan, Esq. (SBN 165358)
Lourdes DeArmas, Esq. (SBN 210167)
**DOLAN LAW FIRM, PC**
1438 Market Street
San Francisco, California 94102
Telephone: (415) 421-2800
Facsimile:   (415) 421-2830
Email:        lourdes.dearmas@dolanlawfirm.com

Attorneys for Plaintiff, K.W.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.W.,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California government corporation; ROBERT KEVESS, M.D., an individual, and DOES 1 to 10, inclusive,<br><br>                    Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:**<br><br>1. **VIOLATIONS OF UNRUH ACT (CIVIL CODE § 51)**<br>2. **VIOLATIONS OF BANE ACT (CIVIL CODE § 52.1)**<br>3. **SEXUAL HARASSMENT**<br>4. **BATTERY**<br>5. **SEXUAL BATTERY**<br>6. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>7. **NEGLIGENT SUPERVISION AND RETENTION**<br>8. **NEGLIGENT RATIFICATION**<br>9. **NEGLIGENT FAILURE TO WARN, TRAIN, OR EDUCATE**<br>10. **NEGLIGENCE VIOLATIONS OF TITLE IX, 20 U.S.C. § 1681(A)**<br>11. **SEXUAL HARASSMENT AND DISCRIMINATION IN THE EDUCATIONAL SETTING (EDUCATION CODE § 200 ET. SEQ.)**<br>12. **VIOLATION OF THE CALIFORNIA EQUITY IN HIGHER EDUCATION ACT (EDUCATION CODE § 66250)** |

1



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff named herein and her counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after reasonable opportunity for further investigation and discovery. Plaintiff, for his causes of action against these Defendants, alleges as follows:

## NATURE OF THE CASE

1.    Plaintiff K.W.[1] brings this Complaint for damages arising out of the intentional and negligent acts of Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ROBERT KEVEES, M.D., an individual ROBERT KEVESS, M.D. and DOES 1 to 50, inclusive. As more fully described below, Plaintiff K.W. suffered bodily injury, psychological injury, and loss of human dignity when he was a victim of sexually assault while he was a student at the University of California, Berkeley ("UC Berkley").

2.    Defendants have a responsibility to protect the safety of students while they are on university grounds and they have breached that duty by failing to provide safe environment, ratifying the conduct of a known sexual offender, and failure to provide supervision. Defendants maintained a policy of deliberate indifference toward sexual assault which increased the risk of harassment on its campuses.

3.    As more fully described below, as a direct and proximate result of Defendants' actions, Plaintiff has suffered substantial physical, emotional, and monetary damages, and has incurred fees and costs in pursuing his rights which he is entitled to recover, all in amounts to be proven at the time of trial.

## JURISDICTION AND VENUE

4.    Federal subject matter jurisdiction in this action is based upon 28 U.S.C. §1332(a) in that there is complete diversity among Plaintiffs and Defendants and the amount in controversy exceeds $75,000.

---

[1] Plaintiff, as a victim of sexual abuse, is identified herein using a pseudonym in order to preserve his confidentiality and privacy in accordance with United States and California law. See, e.g., *Doe v. Lincoln Unified School Dist.*, 188 Cal. App. 4th 758 (2010).



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

5. Venue is proper under 28 U.S.C. §1391, since a substantial part of the events or omissions giving rise to the claim occurred in this U.S. district.

6. Defendant UC Regents is a California Corporation and regularly do business in California, specifically within this federal judicial district such that they are subject to the personal jurisdiction of the Court in this U.S. district. This Court has personal jurisdiction of Defendant Kevess as he is an individual residing in the State of California.

**PLAINTIFF**

7. Plaintiff K.W. ("Plaintiff K.W.") is and was, at all relevant times mentioned herein:

a. a student at University of California, Berkeley ("UC Berkley");

b. was a patient of Defendant ROBERT KEVESS, M.D. the UC Berkley University Health Services- Tang Center located at 2222 Bancroft Way, Berkeley, California 94720, and while he was a student at Cal Berkley; and

c. currently resides in the State of Hawaii.

**DEFENDANTS**

8. Plaintiff K.W. is informed and believes, and based upon that information and belief alleges, that Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("Defendant UC Regents") is, and at all times relevant hereto was;

a. a California Government Corporation duly licensed in the State of California having its principal place of business in the City of Berkeley, County of Alameda;

b. is the governing body of the University of California and exercises the ultimate dominion and control of the same;

c. UC Berkley is an educational institution of higher learning owned, operated, and maintained UC Regents; and

d. owned, operated, and maintained UC Berkley University Health Services- Tang Center, through which medical services were provided to Plaintiff K.W., pursuant to licenses issued by the California State Department of Health and provided health care as healthcare facilities.

3



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

9.      Plaintiff K.W. is informed and believes, and based upon that information and belief alleges, that Defendant Robert Kevess, M.D ("Defendant Dr. Kevess") is, and at all times relevant hereto was:

        a.   an individual residing in the State of California;

        b.   was a physician licensed by the State of California to practice medicine; and

        c.   was an agent, servant, and/or employee of Defendant UC Regents and its medical clinics, facilities, and locations, and/or was under its complete control and/or direct supervision. It was through this position of access, trust, and authority that Dr. Heaps sexually exploited and abused Plaintiff K.W.

10.     The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of Defendants DOES 1 through 50, inclusive, are presently unknown to Plaintiff who therefore sues these Defendants by such fictitious names pursuant to C.C.P. § 474. Minor Plaintiff will seek leave to amend this Complaint to allege Defendant DOES 1 through 50 true names and capacities when they are ascertained.

11.     Plaintiff is informed and believes, and based upon that information and belief alleges, that each Defendant named in this Complaint, including DOES 1 through 50, inclusive, is responsible in some manner, whether negligently, in warranty, strictly, intentionally, or otherwise, for one or more of the events and happenings alleged herein, and that each of the Defendants including DOES 1 through 50, inclusive, directly, proximately, and legally caused the injuries, harm, and damages to Plaintiff.

12.     Plaintiff is informed and believes, and based upon that information and belief alleges, that each Defendant named in this Complaint, including DOES 1 through 50, inclusive, are, and at all times mentioned herein were, the agent, servant, representative, and/or employee of each of the other Defendants. Each Defendant, including DOES 1 through 50 inclusive, was acting within the course and scope of his, her, or its authority as the agent, servant, representative and/or employee of each of the other Defendants and/or aided, and/or abetted the others, and/or ratified the acts of the others so as to make them liable for Plaintiff's

4



1  damages. Consequently, each Defendant is jointly and severally liable to Plaintiff for the

2  damages sustained as a proximate result of their conduct.

3     13. Defendants are liable for the acts of each other through principals of respondeat

4  superior, agency, ostensible agency, partnership, alter-ego and other forms of vicarious liability.

5     14. Plaintiff is informed and believes and thereon allege that all Defendants,

6  including DOES 1-50, inclusive, have, and at all times herein mentioned had, a joint economic

7  and business interest, goal and purpose in the subject of this lawsuit. Plaintiff is informed and

8  believes and, on the basis of said information and belief, alleges that there is a unity of interest

9  and operation between Defendants and DOES 1-50 such that their separate and independent

10  classification is but a fiction and that each is the alter-ego of the other.

11     15. Plaintiff is informed and believes and thereon allege that certain acts, omissions,

12  events, transactions, and damage of which Plaintiff is currently unaware directly, proximately,

13  and legally caused the damages, harm and injuries for which Plaintiff seeks to recover in this

14  action.  Plaintiff will seek leave to amend this Complaint to allege such acts, omissions, events,

15  transactions, and damage when such are ascertained, or will prove such acts, omissions,

16  events, transactions, and damage at the time of trial.

17         **<u>FACTS COMMON TO ALL CAUSES OF ACTION</u>**

18     16. This case involves an egregious breach of trust and medical ethics by

19  Defendants. Plaintiff K.W. was a student at the UC Berkeley and a patient at UC Berkley

20  University Health Services- Tang Center ("University Health" or "UHS") when he was sexually

21  abused, molested and verbally and physically harassed at the hands of serial sexual predator

22  Defendant Dr. Kevees.

23     17. On or about July 1989, Defendant Kevess was hired as a staff physician by

24  University Health.

25     18. On or about December 11, 2009, Plaintiff K.W. began treating with Defendant Dr.

26  Kevess at University Health. The first encounter was in Urgent Care.

27     19. On or about February 15, 2011, Defendant Dr. Kevess engaged in what Plaintiff

28  K.W. now understands was sexual abuse and harassment, including using medical examination



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

and devices in a sexual manner, manually stimulating Plaintiff while he performed an "exam" and asking invasive (not medically necessary) questions about his sex life.

20.     Defendant Dr. Kevess performed a prolonged prostate exams which transitioned into acts of molestation, including purported genital and anal exams. Defendant Dr. Kevess repeated STD "genital discharge exams" during which he manually masturbated Plaintiff K.W. to ejaculation under the guise of what he told decedent were normal procedures.

21.     Defendant Dr. Kevess conduct was a gross violation of the trust between a physician and his patient. This is especially true as every urological patient is, of course, at his most vulnerable during examination of his intimate body parts and should be able to trust that he will be treated at all times with dignity and in a nonsexual and medically appropriate manner.

22.     UC Berkeley holds itself out as a provider of high quality medical care for students, stating on the University Health website that "University Health Services at the Tang Center is a fully-accredited outpatient center designed to address all aspects of health, with medical, mental health, wellness and health education all under one roof." UC Berkeley also publicly touts that its purported "outstanding staff includes board-certified physicians, registered nurses, nurse practitioners, medical assistants, physical therapists, pharmacists, nutritionists, lab/radiology/pharmacy technicians, social workers, licensed psychologists and psychiatrists, health educators and insurance specialists."

23.     During Defendant Dr. Kevess' tenure at UC Berkeley, however, Plaintiff is informed and believes, and on this basis alleges, that he sexually abused and molested a number of his male patients, including Plaintiff K.W. and other UC Berkeley students, through the use of his position and authority as a full-time physician employed by the UC Regents.

24.     Defendant Dr. Kevess started having sexual contact with male student patients in 2005- possibly even sooner. Those patients-likely hundreds in number-were seeking routine care and were unwittingly exposed to a serious threat of lasting harm. Notwithstanding these complaints, and despite being on notice of Defendant Dr. Kevess' malfeasance, the UC Regents continued to employ or otherwise affiliate with Defendant Dr. Kevess and ratify his conduct, allowing him to maintain his practice and see patients, including UC Berkeley students



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1  like Plaintiff K.W., which he did until mid-2011.

2       25.    It is unknown to Plaintiff K.W. what background information the UC Regents

3  sought from Defendant Dr. Kevess in advance of his being hired at UC Berkeley in or about

4  February 1989. It is unclear whether the UC Regents did any independent investigation of

5  Defendant Dr. Kevess or his background when they sought to employ him to provide medical

6  services to patients at his University Health or they re-accredited Defendant Dr. Kevess

7  approximately 11 times. UHS is supposed to complete a series of comprehensive reviews of

8  the physician's professional conduct and background as required by the biennial medical re-

9  credentialing process.  It failed to do so.

10       26.    Defendant UC Regents had a duty to its students and other patients using its

11  services to ensure that physicians employed by or affiliated with it, such as Dr. Kevess, used

12  their positions consistent with the standard of care and did not abuse and harass patients.

13  Defendant UC Regents' abrogated this duty. The UC Regents violated its students' and

14  patients' trust by knowingly exposing them to Defendant Dr. Kevess during medical treatments,

15  knowing that inappropriate physical contact and other harassment would occur. On information

16  and belief, Defendant UC Regents actively and deliberately concealed Defendant Dr. Kevess'

17  sexual abuse for years, continuing to grant Defendant Dr. Kevess unfettered access to patients,

18  in order to protect UC Berkeley's reputation and financial coffers.

19       27.    In addition, on information and belief, UHS did not even institute basic

20  protections in order to prevent sexual abuse of patients, including having independent,

21  qualified, and trained chaperones present during examinations and/or, if any such protocols

22  were in place, UHS's employees did not follow such protocols. Nor, on information and belief,

23  did UHS train or supervise its employees so as to make them aware of how to intervene should

24  any medically unnecessary or inappropriate conduct occur, nor how to report such misconduct.

25       28.    At all relevant times hereto, Plaintiff K.W.-as a patient and as a UC Berkeley

26  student - placed his trust and confidence in the UC Regents to ensure that employees, agents,

27  affiliates, and recommended physicians of University Health were adequately vetted, trained

28  and supervised, and would provide the highest quality of care. Indeed, knowing that patients,

7



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

including UC Berkeley students, would place the upmost trust in its physicians, the UC Regents had a duty to ensure that physicians affiliated with the University used their positions, accessibility to patients, and the safe confines of a medical examination room consistent with the standard of care, and not to molest patients.

29.     Similarly, the UC Regents had a duty to their patients, including UC Berkeley students, to ensure that its other medical professionals (including nurses and chaperones) were properly trained and supervised in order to identify misconduct and alert appropriate personnel when misconduct occurred. UC Regents also owed patients, including UC Berkeley students, a duty to promptly and adequately investigate claims of misconduct against Defendant Dr. Kevess.

30.     Defendant Dr. Kevess' actions and the inaction of the UC Regents and its employees (both before and after Plaintiff's horrific encounter with Defendant Dr. Kevess as described herein), have caused Plaintiff K.W. tremendous and lasting harm, including feelings of fear and powerlessness, symptoms of post-traumatic stress disorder, and other physical and emotional manifestations of the severe emotional distress that she has suffered.

31.     Eventually, Defendant Dr. Kevess was arrested, charged, and ultimately convicted with multiple felony counts, including in connection with alleged sexual battery of his former male patients. The convictions were related to four men, all students between age 20 and mid-30s seen by Defendant Dr. Kevess between 2005 and 2011 at UHS.

32.     Defendant Dr. Kevess has repeatedly admitted to the nefarious conduct:

a.      Confirmed to UCPD investigators sexual contact with male patients at University Health;

b.      Documents submitted by Defendant Dr. Kevess in the criminal case *People of the State of California vs. Robert Matin Kevess*, admitting to the misconduct via a doctor's report stating that he started having sexual contact with patients in 2005 because medication he was taking, Mirapex, for restless leg syndrome caused him poor impulse control and hyper sexuality.

33.     Defendant Dr. Kevess has since lost his ability to practice medicine in the State



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1  of California in 2014.

2       34.     Defendant Dr. Kevess' actions and the inaction of the Defendant UC Regents

3  and its employees (both before and after Plaintiff's horrific encounter with Defendant Dr. Kevess

4  as described herein), have caused Plaintiff K.W. tremendous and lasting harm, including

5  feelings of fear and powerlessness, symptoms of post-traumatic stress disorder, and other

6  physical and emotional manifestations of the severe emotional distress that he has suffered.

7                          **FIRST CAUSE OF ACTION**

8                 **VIOLATIONS OF UNRUH ACT (Civil Code § 51)**

9             **(As Against All Defendants and DOES 1-50, Inclusive)**

10      35.     Plaintiff K.W. repeats, re-alleges and incorporates by reference each of the

11  allegations contained in the preceding paragraphs of this Complaint, and by this reference

12  incorporates the same into this cause of action as though fully stated herein.

13      36.     Plaintiff K.W. 's civil rights were violated by Defendants when they abused and

14  harassed Plaintiff K.W.  and when they intentionally and fraudulently concealed complaints of

15  sexual exploitation, sexual abuse, sexual harassment and molestation by Defendant Dr. Kevess

16  from Plaintiff K.W., as well as other patients. Plaintiff K.W. had a right to be free from LGBTQ+

17  discrimination, sexual molestation, abuse, and harassment under the Unruh Civil Rights Act.

18      37.     The Defendants were acting under the color of their authority and in the scope of

19  their employment, during the instances when Plaintiff K.W.  was a patient at University Health.

20      38.     The Defendants denied Plaintiff K.W. full and equal accommodations,

21  advantages, facilities, privileges and healthcare services because of his gender and sexual

22  orientation, by allowing Defendant Dr. Kevess unfettered access to sexually abuse and harass

23  Plaintiff K.W. , by and through his position of authority as a University Health physician, by

24  actively concealing from Plaintiff K.W. the knowledge that Defendant Dr. Kevess was a serial

25  sexual predator, which the UC Regents enabled and which conduct the UC Regents ratified.

26      39.     By employing and retaining Defendant Dr. Kevess as a physician at University

27  Health, despite their knowledge of reports of Defendant Dr. Kevess' sexually abusive nature,

28  Defendants exposed patients, including Plaintiff K.W., to Defendant Dr. Kevess' sexual abuse



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1 and harassment. Defendant UC Regents' retention of Defendant Dr. Kevess denied Plaintiff

2 K.W , and all of their other LGBTQ+ patients, full and equal access to safe medical facilities,

3 treatment and services, based upon their gender and sexual orientation.

4     40.    As a direct and proximate result of Defendants' tortious acts, omissions, wrongful

5 conduct and breaches of their duties, Plaintiff K.W. has suffered substantial general, special,

6 and consequential damage are in an amount to be proven at trial, but in no event less than the

7 minimum jurisdictional amount of this Court.

8     41.    As a further direct and proximate result of Defendants' collective and concerted

9 wrongful actions, as herein alleged, Plaintiff K.W. has been hurt in his health, strength and

10 activity. Plaintiff K.W. has sustained permanent and continuing injury to his nervous systems

11 and person, which has caused and continues to cause great mental, physical, and nervous

12 pain, suffering, fright, upset, grief, worry and shock in an amount according to proof at trial but

13 in no event less than the jurisdictional minimum requirements of this Court.

14 **SECOND CAUSE OF ACTION**

15 **VIOLATIONS OF BANE ACT (Civil Code § 52.1)**

16 **(As Against All Defendants and DOES 1-50, Inclusive)**

17     42.    Plaintiff K.W. repeats, re-alleges and incorporates by reference each of the

18 allegations contained in the preceding paragraphs of this Complaint, and by this reference

19 incorporates the same into this cause of action as though fully stated herein.

20     43.    Defendants' actions, as alleged herein, have had and will continue to interfere

21 with Plaintiff K.W. 's right to be free from gender and LGBTQ+ discrimination in the form of

22 sexual harassment, codified under Cal. Civ. Code § 52.1.

23     44.    During Plaintiff K.W.'s time as a patient at University Health, Defendants

24 engaged in oppressive and unlawful tactics in abusing and harassing Plaintiff K.W., as well as

25 ignoring, concealing, and suppressing other patient's complaints of being sexually exploited

26 and abused by Defendant Dr. Kevess. These intentional acts of concealment of Defendant Dr.

27 Kevess' abusive behavior violated Plaintiff K.W. 's right to be free from discrimination on the

28 basis of his gender and sexual orientation, under Cal. Civ. Code § 52.1.



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

45.     Defendants' wrongful conduct was intended to and did successfully interfere with Plaintiff K.W. 's Constitutional rights to be free from gender and LGBTQ+ discrimination and harassment, as well as interfered with her rights of Due Process under the United States' Constitution, specifically the Fifth and Fourteenth Amendments.

46.     Defendants unlawfully and wrongfully used, or employed others to wrongfully use, threats, intimidation, harassment, violence, and coercion over Plaintiff's person, to which Plaintiff, who did not have knowledge that the conduct in which Defendants were engaging was not medically necessary, had no relief except to submit to the Defendants' wrongful threats, intimidation, harassment, violence, and coercion, which rendered Plaintiff's submission involuntary.

47.     Defendants' above-noted actions were the legal and proximate causes of physical, psychological, and emotional damage to Plaintiff K.W., who has suffered and continue to suffer to this day. The actions of Defendants have also resulted in Plaintiff K.W. incurring, and will require her to incur into the future, expenses for medical and psychological treatment, therapy, and counseling.

48.     As a result of the above-described conduct, Plaintiff K.W. suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

49.     In subjecting Plaintiff K.W. to the wrongful treatment described herein, Defendants acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff K.W. 's rights, entitling Plaintiff K.W.  to compensatory damages in a sum to be shown according to proof, emotional distress damages in a sum to be shown according to proof, punitive and/or exemplary damages (with regard to Defendant Dr. Kevess), attorney's fees, other damages pursuant to Civil Code § 52(b)(1), and a temporary restraining order or a



preliminary or permanent injunction ordering Defendants to refrain from conduct or activities as alleged herein, stating "VIOLATION OF THIS ORDER IS A CRIME PUNISHABLE UNDER SECTION 422.77 OF THE PENAL CODE," and other such relief as the court deems proper.

50.     In subjecting Plaintiff K.W.  to the wrongful treatment herein described, Defendant Dr. Kevess acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff K.W. 's rights, so as to constitute malice and oppression under California Civil Code § 3294. Plaintiff K.W.  is therefore entitled to the recovery of punitive damages against Defendant Dr. Kevess, in an amount to be determined according to proof.

<u>**THIRD CAUSE OF ACTION**</u>

**SEXUAL HARRASSMENT (Civil Code § 51.9)**

**(As Against All Defendants and DOES 1-50, Inclusive)**

51.     Plaintiff K.W. repeats, re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same into this cause of action as though fully stated herein.

52.     During Plaintiff K.W. 's time as a patient at University Health, Defendants intentionally, recklessly and wantonly committed, enabled, and omitted, acts which resulted in harmful and offensive contact with intimate parts of Plaintiff K.W.'s person, including but not limited to sexual touching and molestation during prostate and STD "genital discharge exams" under the guise of what he told patients were normal procedures which Plaintiff K.W. has now come to understand was without medical justification, all under the supervision of Defendant UC Regents.

53.     During Plaintiff K.W. 's time as a patient at University Health, Defendants also intentionally, recklessly and wantonly made, and enabled, what Plaintiff K.W. has now come to understand were sexual and exploitative statements and/or questions of a prurient nature, based on Plaintiff's gender and sexual orientation that were unwelcome, pervasive and severe, all under the supervision of Defendant the UC Regents.

54.     The incidents of abuse outlined herein took place while Plaintiff K.W.  was under the control of Defendant Dr. Kevess and Defendant UC Regents in their capacities and



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1   positions as a physician and as supervisors of physicians, medical professionals, and other

2   staff at Defendants' premises, and while acting specifically on behalf of Defendants' herein.

3       55.    Because of Plaintiff K.W. 's relationships with Defendants Defendant Dr. Kevess

4   and the UC Regents, Defendant Dr. Kevess' status as a prominent and highly compensated

5   physician employed by the Defendant UC Regents and promoted on the University Health

6   website as a highly skilled physician, and Plaintiff K.W. 's vulnerability as a medical patient,

7   Plaintiff K.W.  was unable to easily terminate the relationship she had with the Defendants.

8       56.    Because of Defendant Dr. Kevess' status, position of authority, physical

9   seclusion of Plaintiff K.W., her mental and emotional state, vulnerable position and the fact that

10   she did not understand that Defendant Dr. Kevess' conduct was not medically necessary, she

11   was unable to, did not, and could not, give consent to such acts.

12       57.    Even though Defendant UC Regents knew or should have known of these

13   pervasive, illegal, and inappropriate activities by Defendant Dr. Kevess, the UC Regents did

14   nothing to investigate, supervise or monitor Defendant Dr. Kevess to ensure the safety of the

15   patients in their charge. Nor did Defendant UC Regents put in place-or enforce-safeguards to

16   prevent foreseeable harm to female medical patients, including imposition of a policy providing

17   for the mandatory presence of an independent and properly trained chaperone, to prevent,

18   deter and report any misconduct in the context of medical examinations and procedures.

19   Defendant UC Regents also failed adequately (or at all) to hire appropriate chaperones or train

20   its employees and agents in how to recognize and report any sexual or medical battery or

21   harassment.

22       58.    With regard specifically to the liability hereunder of Defendant UC Regents, a

23   corporation is a "person" within the meaning of Civil Code § 51.9, which subjects persons to

24   liability for sexual harassment within a business, service, or professional relationship, and such

25   an entity defendant may be held liable under this Statute for the acts of its employees.  C.R. v.

26   Tenet Healthcare Corp., 169 Cal.App.4th 1094 (2009). Further, principles of ratification apply

27   when the principal ratifies the agent's originally unauthorized harassment, as is alleged to have

28   occurred herein.



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

59.     Defendants' conduct (and the conduct of their agents, servants and/or employees) was a breach of their duties to Plaintiff K.W.

60.     As a result of the above-described conduct, Plaintiff K.W. has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## FOURTH CAUSE OF ACTION

### BATTERY

### (As Against All Defendants and DOES 1-50, Inclusive)

61.     Plaintiff K.W. repeats, re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same into this cause of action as though fully stated herein.

62.     During the course of treatment of Plaintiff K.W., Defendant Dr. Kevess used his powers and abilities as a physician, and his knowledge and background and access to Plaintiff K.W. , to sexually assault Plaintiff K.W. , knowing that she would be vulnerable to this type of sexual battery. Defendant Dr. Kevess used medical devices (associated with cancer after-care) on Plaintiff K.W.  in a sexual manner which she now understands was not medically necessary and was for his own gratification. Defendant Dr. Kevess also touched Plaintiff K.W. during a pelvic "examination" in what she now understands to be an inappropriate manner, using his hand to simulate a sex act with her.

63.     Had Defendant Dr. Kevess not been in a position of power and authority over Plaintiff K.W.  and had he not been treated by Defendants, he would have never permitted such sexual contact by Defendant Dr. Kevess, which acts (he now understands) constituted a harmful or offensive touching and battery upon his person.

64.     Plaintiff K.W.  did not consent to the sexualized touching and sexual contact.



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

65.     Defendant Dr. Kevess' conduct was within the course and scope of his employment with Defendants, and each of them, and was ratified by Defendants and each of them who had advance notice of this misconduct. All of the conduct occurred during the course and scope of Defendant Dr. Kevess' employment at UC Berkeley. Plaintiff K.W. suffered severe emotional distress and physical injury as a result of Defendant Dr. Kevess' conduct, which he now understands was not medically necessary and was designed instead for his sexual gratification.

66.     Defendant UC Regents is vicariously liable for the conduct alleged herein because, even though Defendant UC Regents knew or should have known of these pervasive, illegal and inappropriate activities by Defendant Dr. Kevess, the UC Regents did nothing to investigate, supervise or monitor Defendant Dr. Kevess to ensure the safety of the patients in his charge. Nor did Defendant UC Regents put in place-or enforce-safeguards to prevent foreseeable harm to female male and LGBTQ+ patients, including imposition of a policy providing for the mandatory presence of a properly trained independent chaperone, to prevent, deter and report any misconduct in the context of examinations and procedures. Defendant UC Regents also failed adequately (or at all) to train its employees and agents in how to recognize and report any sexual or medical battery or harassment. Instead, UC Regents allowed Defendant Dr. Kevess to continue to perform examinations of male and LGBTQ+ patients despite knowledge that he had committed battery and sexual battery and assault in the past.

67.     In doing the acts alleged herein, Defendant Dr. Kevess used the power and authority conferred upon him by Defendants the UC Regents to get access to patients such as Plaintiff K.W.  It is predictable and foreseeable, given Defendants' knowledge of Defendant Dr. Kevess' prior misconduct and its negligent supervision of Defendant Dr. Kevess, and failure to put in place-or enforce-safeguards to prevent foreseeable harm to female male and LGBTQ+ patients, that someone in Defendant Dr. Kevess' position would abuse the power and authority the UC Regents conferred upon him by engaging in assaultive conduct. As such, Defendant Dr. Kevess' conduct is incident to his agency with the UC Regents, so as to be fairly attributable to them.



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

68.     As a proximate result of the above, Plaintiff K.W.  suffered damages as otherwise alleged in this Complaint.

69.      Defendant Dr. Kevess' conduct alleged herein was despicable and was done willfully and/or with a conscious disregard of Plaintiff's rights, and/or intentionally, or maliciously, or in reckless disregard of the high probability of injury to Plaintiff K.W. and others. Defendants, and each of them, were in a special relationship with Plaintiff K.W.  by virtue of the fact that he was a patient at University Health and receiving their services.

70.     Defendants, and each of them, further knew that Plaintiff K.W.  was especially vulnerable and susceptible to injury by persons such as Defendant Dr. Kevess in the absence of adequate supervision, and by reason of the authority the UC Regents vested in Defendant Dr. Kevess. The UC Regents acted in conscious disregard of the rights and safety of Plaintiff K.W. by ignoring the danger posed by Defendant Dr. Kevess, and by putting him in a position of trust and authority over Plaintiff K.W., and failing to take proper steps to protect Plaintiff K.W.  and other patients. It was reasonably foreseeable Plaintiff K.W.  would receive physical injury and severe emotional distress as a result of Defendant Dr. Kevess' malfeasance. Defendant UC Regents' conduct in this regard was done with the intent to cause injury to Plaintiff K.W.  and/or done with a conscious disregard of the rights and safety of Plaintiff.

71.     In subjecting Plaintiff K.W.   to the wrongful treatment herein described, Defendant Heaps acted willfully and maliciously with the intent to harm Plaintiff, and in conscious disregard of Plaintiff K.W. 's rights, so as to constitute malice and oppression under California Civil Code § 3294. Plaintiff K.W.  is therefore entitled to the recovery of punitive damages against Defendant Heaps, in an amount to be determined according to proof.

## FIFTH CAUSE OF ACTION

### SEXUAL BATTERY (Civil Code § 1708.5)

### (As Against All Defendants and DOES 1-50, Inclusive)

72.     Plaintiff K.W. repeats, re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same into this cause of action as though fully stated herein.



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

73.     During Plaintiff K.W. 's time as a patient with Defendants, Defendant Dr. Kevess intentionally, recklessly, and wantonly did acts which Plaintiff K.W. now understands were intended to, and did, result in harmful and offensive contact with intimate parts of Plaintiff K.W.'s person, including but not limited to the following: Defendant Dr. Kevess engaged in what Plaintiff K.W. now understands was sexual battery, including using medical examination and devices in a sexual manner, manually stimulating Plaintiff while he performed an "exam" and asking invasive (not medically necessary) questions about his sex life. Defendant Dr. Kevess performed a prolonged prostate exam which transitioned into acts of molestation, including purported genital and anal exams. Defendant Dr. Kevess repeated STD "genital discharge exams" during which he manually masturbated Plaintiff K.W. to ejaculation under the guise of what he told decedent were normal procedures.

74.     Defendant Dr. Kevess did the aforementioned acts with the intent to cause a harmful or offensive contact with an intimate part of Plaintiff K.W. 's person that would offend a reasonable sense of personal dignity. Further, said acts did cause a harmful or offensive contact with an intimate part of Plaintiff K.W. 's person that would offend a reasonable sense of personal dignity.

75.     Had Defendant Dr. Kevess not been in a position of power and authority over Plaintiff K.W.  and had he not been treated by Defendants; he would have never permitted such sexual contact by Defendant Dr. Kevess.

76.     Plaintiff K.W.  did not consent to this sexualized touching and sexual contact.

77.      Defendant Dr. Kevess' conduct was within the course and scope of his employment with Defendants, and each of them, and was ratified by Defendants and each of them who had advance notice of this misconduct. All of the conduct occurred during the course and scope of Defendant Dr. Kevess' employment at UC Berkeley. Plaintiff K.W. suffered severe emotional distress and physical injury as a result of Defendant Dr. Kevess' misconduct and damages as otherwise alleged in this complaint.

78.     Defendant UC Regents is vicariously liable for the conduct alleged herein because, even though Defendant UC Regents knew of these pervasive, illegal, and

17



inappropriate activities by Defendant Dr. Kevess, the UC regents did nothing to investigate, supervise or monitor Defendant Dr. Kevess to ensure the safety of the patients in his charge. Nor did Defendant UC Regents put in place-or enforce-safeguards to prevent foreseeable harm to patients, including imposition of a policy providing for the mandatory presence of a properly trained independent chaperone, to prevent, deter and report any misconduct in the context of genital examinations and procedures. Defendant UC Regents also failed adequately (or at all) to train its employees and agents in how to recognize and report any sexual or medical battery or harassment. Instead, Defendant UC Regents allowed Defendant Dr. Kevess to continue to perform genital examinations of male and LGBTQ+ patients despite knowledge that he had committed battery and sexual battery and assault in the past.

79.     In doing the acts alleged herein, Defendant Dr. Kevess used the power and authority conferred upon him by Defendants the UC Regents to get access to patients such as Plaintiff K.W.. It is predictable and foreseeable, given Defendants' knowledge of Defendant Dr. Kevess' prior misconduct and its negligent supervision of Defendant Dr. Kevess, and failure put in place-or enforce safeguards to prevent foreseeable harm to patients, that someone in Defendant Dr. Kevess' position would abuse the power and authority the UC Regents conferred upon him by engaging in assaultive conduct. As Such, Defendant Dr. Kevess conduct is incident to his agency with the UC Regents, so as to be fairly attributable to them.

80.     As a proximate result of the above, Plaintiff K.W. suffered damages as otherwise alleged in this Complaint. As a direct, legal, and proximate result of Defendant Dr. Kevess' conduct, Plaintiff K.W. sustained serious and permanent injury to his person, all of his damage in an amount to be shown according to proof and within the jurisdiction of the Court.

81.     Plaintiff K.W. is informed and believes and based thereon alleges that the conduct of Defendant Dr. Kevess was oppressive, malicious, and despicable in that it was intentional and done in conscious disregard for the rights and safety of others, and was carried out with a conscious disregard of Plaintiff K.W.'s right to be free from tortious behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code § 3294, entitling Plaintiff K.W. to punitive damages against Defendant Dr. Kevess in an amount appropriate to



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1   punish and set an example of Defendant Dr. Kevess and send a cautionary message to others

2   similarly situated.

3                                    **SIXTH CAUSE OF ACTION**

4                   **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

5                      **(As Against All Defendants and DOES 1-50, Inclusive)**

6          82.     Plaintiff K.W. repeats, re-alleges and incorporates by reference each of the

7   allegations contained in the preceding paragraphs of this Complaint, and by this reference

8   incorporates the same into this cause of action as though fully stated herein.

9          83.     The conduct of Defendants UC Regents and Defendant Dr. Kevess toward

10   Plaintiff K.W., as described herein, was outrageous and extreme.

11         84.     A reasonable person would not expect or tolerate the sexual harassment,

12   exploitation, molestation, and abuse of Plaintiff K.W.  by Defendant Dr. Kevess, nor tolerate or

13   expect the UC Regents' knowledge of, and callous indifference to, the abuse. Plaintiff K.W.

14   had great faith, trust, and confidence in Defendants, which, by virtue of their wrongful conduct,

15   has now turned to fear, shame, and humiliation.

16         85.     A reasonable person would not expect or tolerate the UC Regents placing

17   Defendant Dr. Kevess -who was known to the UC Regents to have physically and sexually

18   abused other patients- in a position of care of Plaintiff K.W., which enabled Defendant Dr.

19   Kevess to have access to Plaintiff K.W.  so that he could commit wrongful sexual acts and

20   harassment, including the conduct described herein.

21         86.     A reasonable person would not expect or tolerate the Defendants, their agents,

22   servants, and/or employees to be incapable of supervising, preventing, and stopping

23   Defendant Dr. Kevess from committing wrongful sexual acts with, and harassing, patients,

24   including Plaintiff K.W. , or to be incapable or unwilling to supervise Defendant Dr. Kevess.

25   Further, a reasonable person would not expect a chaperone whose presence was supposed to

26   ensure Plaintiff's comfort and safety during a medical appointment comprising of a genital

27   examination would sit idly by and not say anything while Plaintiff K.W.  was being sexually

28   abused by a physician.



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

87.     Defendants' conduct described herein was intentional and malicious and done for the purpose of causing or with the substantial certainty that Plaintiff K.W.  would suffer humiliation, mental anguish, and emotional and physical distress.

88.     As a result of the above-described conduct, Plaintiff K.W.  has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, shame, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

89.     In subjecting Plaintiff K.W.  to the wrongful treatment described herein, Defendant Dr. Kevess acted willfully and maliciously with the intent to harm Plaintiff K.W., and in conscious disregard of her rights, so as to constitute malice and oppression under California Civil Code § 3294. Plaintiff K.W.  is therefore entitled to recover punitive damages against Defendant Heaps, in an amount to be determined by the court.

## SEVENTH CAUSE OF ACTION

### NEGLIGENT SUPERVISION AND RETENTION

### (As Against Defendant UC Regents and DOES 1-50, Inclusive)

90.     Plaintiff K.W. repeats, re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same into this cause of action as though fully stated herein.

91.     By virtue of Plaintiff K.W. 's special relationship with the UC Regents as a patient, and the UC Regents' relation to Defendant Dr. Kevess, Defendants owed Plaintiff K.W.  a duty not to retain Defendant Dr. Kevess, given his dangerous and exploitative propensities, which Defendants knew or should have known about.

92.     Defendants expressly and implicitly represented that Defendant Dr. Kevess was a legitimate gynecologist, and not a sexual threat to his male and LGBTQ+ patients. As discussed throughout, Defendant Dr. Kevess was well compensated (a fact that was publically



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1    reported) and was acclaimed on UC Berkeley's website as a highly skilled and professional

2    physician.

3         93.    At no time during the periods of time alleged herein did the UC Regents have in

4    place a reasonable system or procedure to investigate, supervise, and monitor its University

5    Health physicians and healthcare personnel, including Defendant Dr. Kevess, to prevent

6    sexual harassment, sexual exploitation, molestation, and abuse of patients, nor did they

7    implement a system or procedure to oversee or monitor conduct toward patients and others in

8    their care.

9         94.    The UC Regents were aware, or should have been aware, and understood how

10   vulnerable LGBTQ+ patients were to sexual harassment, sexual exploitation, molestation, and

11   abuse by physicians and other persons of authority within the control of the UC Regents prior

12   to Plaintiff K.W. 's sexual abuse and exploitation by Defendant Dr. Kevess. As a result,

13   Defendant UC Regents should have put in place appropriate safeguards to prevent

14   foreseeable harm to male and LGBTQ+ patients, including imposition of a policy providing for

15   the mandatory presence of an independent, properly trained chaperone, to prevent, deter and

16   report any misconduct in the context of genital examinations and procedures. Defendant UC

17   Regents also failed adequately (or at all) to train its employees and agents in how to recognize

18   and report any sexual or medical battery or harassment.

19        95.    The UC Regents were put on notice, and should have known, that Defendant Dr.

20   Kevess had previously engaged, and continued to engage, in unlawful sexual conduct with

21   male and LGBTQ+ patients, and that it was foreseeable, or should have been foreseeable, that

22   Defendant Dr. Kevess was engaging in, or would engage in, misconduct directed towards

23   Plaintiff K.W.  and others, under the protection of the authority, confidence, and trust bestowed

24   upon him through the UC Regents, their agents, servants, and employees.

25        96.    The UC Regents were placed on actual or constructive notice that Defendant Dr.

26   Kevess had molested or was molesting male and LGBTQ+ patients during his employment.

27   Defendants had knowledge of inappropriate conduct, exploitation, and serial molestations

28   committed by Defendant Dr. Kevess during his employment, yet chose to allow him to interact



21

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

with patients, including Plaintiff K.W. .

97.     Despite the fact that the UC Regents knew, or should have known, of these sexually exploitive activities being perpetrated by Defendant Dr. Kevess, the UC Regents failed to use reasonable care in investigating Defendant Dr. Kevess and did nothing to reasonably investigate, supervise, monitor, or terminate Defendant Dr. Kevess to ensure the safety of their patients.

98.     The UC Regents' conduct in enabling Defendant Dr. Kevess to serially sexually assault his male and LGBTQ+ patients was a long-standing, gross, and inexcusable violation of the duty of care owed to Plaintiff K.W.

99.     Because the Defendant UC Regents:

    a.     Had actual knowledge of the sexual exploitation, abuse, and harassment being committed by Defendant Dr. Kevess;

    b.      Failed to take action such as firing Defendant Dr. Kevess, reporting him to the police, or reporting him to the California State Medical Board as mandated by Federal Laws;

    c.     Consciously and intentionally enabled Defendant Dr. Kevess to continue to sexually exploit, abuse, and harass female patients by failing to take any of the above action;

    d.     Consciously and intentionally kept all of Defendant Dr. Kevess' exploitative, abusive, and harassing behaviors secrets from patients and the public at large; and

    e.     Failed to employ or train appropriate nurse/chaperones who could oversee intimate examinations and report misbehavior.

    f.     the UC Regents have enabled and permitted the conduct of Defendant Dr. Kevess as set forth herein.

100.    The UC Regents, their agents, servants, and/or employees knew Defendant Dr. Kevess was sexually exploiting, abusing, and harassing female patients and refused to take any action to stop him. Moreover, the UC Regents, their agents, servants, and/or employees

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

hid this information so Defendant Dr. Kevess could continue to work for UCLA, its clinics and facilities. With knowledge of Defendant Dr. Kevess' sexual misconduct, no disciplinary action was taken by the UC Regents and he was allowed to continue to interact with patients, including Plaintiff K.W. . The UC Regents, their agents, servants, and/or employees are thus responsible for Defendant Dr. Kevess' acts of sexual exploitation, sexual assault, battery, and harassment.

101.    As a result of the above-described conduct, Plaintiff K.W.  has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, shame, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## EIGHTH CAUSE OF ACTION

### NEGLIGENT RATIFICATION

**(As Against Defendant UC Regents and DOES 1-50, Inclusive)**

102.    Plaintiff K.W. repeats, re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same into this cause of action as though fully stated herein.

103.    At all times relevant herein, each Defendant was the agent, partner, joint venturer, representative, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement authorization and consent of each Defendant designated herein.

104.    Defendants and each of them were agents, principals, joint venturers, partners, representatives, servants, employees and/or co-conspirators of each of the other Defendants, each Defendant condoned and ratified the conduct of all other defendants and was at all times

23



1  mentioned herein acting within the course and scope of said agency and employment,

2  authority and ratification.

3       105.   The UC Regents learned Defendant Dr. Kevess had molested or was molesting

4  and harassing female patients during his employment. Defendants had knowledge of

5  inappropriate conduct, and exploitation committed by Defendant Dr. Kevess during his

6  employment, yet chose to allow him to continue interacting with patients, including Plaintiff

7  K.W.

8       106.   Despite the fact that the UC Regents learned about these sexually exploitive

9  activities being perpetrated by Defendant Dr. Kevess, the UC Regents failed to use reasonable

10  care in investigating Defendant Dr. Kevess and did nothing to reasonably investigate,

11  supervise, monitor, or terminate Defendant Dr. Kevess to ensure the safety of their patients.

12      107.   The UC Regents' conduct in enabling Defendant Dr. Kevess to serially sexually

13  assault his male and LGBTQ+ patients was a long-standing, gross, and inexcusable violation

14  of the duty of care owed to Plaintiff K.W.

15      108.   The UC Regents, their agents, servants, and/or employees learned Defendant

16  Dr. Kevess was sexually exploiting, abusing, and harassing female patients and refused take

17  any action to stop him. Moreover, the UC Regents, their agents, servants, and/or employees

18  hid this information so Defendant Dr. Kevess could continue to work for UCLA, its clinics and

19  facilities. With knowledge of Defendant Dr. Kevess' sexual misconduct, no disciplinary action

20  was taken by the UC Regents and he was allowed to be alone with male and LGBTQ+

21  patients. The UC Regents, their agents, servants, and/or employees thus approved, ratified,

22  and are responsible for Defendant Dr. Kevess' acts of sexual exploitation, sexual assault,

23  battery, and sexual harassment.

24      109.   1As a result of the above-described conduct, Plaintiff K.W.  has suffered and

25  continues to suffer great pain of mind and body, shock, emotional distress, physical

26  manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace,

27  shame, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and was

28  prevented and will continue to be prevented from performing daily activities and obtaining the



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

full enjoyment of life; and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### NINETH CAUSE OF ACTION

### NEGLIGENT FAILUTE TO WARN

### (As Against Defendant UC Regents and DOES 1-50, Inclusive)

110.   Plaintiff K.W. repeats, re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same into this cause of action as though fully stated herein.

111.   Defendant UC Regents owed Plaintiff K.W.  a duty to take reasonable protective measures to safeguard Plaintiff K.W. and other female patients from the risk of sexual battery by Defendant Dr. Kevess by properly warning, training or educating others, including their own medical personnel, medical staff, administrators, and other agents, servants, and/or employees (including chaperones) about how to avoid such a risk and what to do when such inappropriate conduct is witnessed, reported, and/or discovered.

112.   Defendant UC Regents breached its duty to take reasonable measures to protect Plaintiff K.W.  and other female patients from the risk of sexual harassment and abuse by Defendant Dr. Kevess, such as the failure to properly warn Plaintiff K.W. and other patients about Defendant Dr. Kevess.

113.   Defendant UC Regents breached its duty to take reasonable protective measures to safeguard Plaintiff K.W. and other patients from the risk of sexual harassment and abuse by Defendant Dr. Kevess, by failing to supervise and stop employees, such as Defendant Dr. Kevess, and prevent them from committing sexually abusive and exploitive acts upon patients, including Plaintiff K.W. .

114.   By breaching its duty, Defendant UC Regents unreasonably and wrongfully exposed Plaintiff K.W.  and other patients to sexual battery and abuse.

115.   As a proximate result of the above-referenced conduct, Plaintiff K.W. has suffered and continues to suffer great pain of mind and body, shock, emotional distress, shame, physical manifestations of emotional distress including embarrassment, loss of self-



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## TENTH CAUSE OF ACTION

### NEGLIGENCE

### (As Against All Defendants and DOES 1-50, Inclusive)

116.    Plaintiff K.W. repeats, re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same into this cause of action as though fully stated herein.

117.    Defendants committed the negligent acts and/or negligent failures to act, as set forth above, and those acts caused the emotional and physical harm endured by Plaintiff K.W.

118.    Defendants owed Plaintiff K.W. a duty of care to act.

119.    Defendants breached that duty of care by way of their conduct and failed to exercise reasonable care, as detailed and alleged above.

120.    As a result of the above-described conduct, Plaintiff K.W.  suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling

## ELEVENTH CAUSE OF ACTION

### NEGLIGENCE: VIOLATION OF TITLE IX (20 U.S.C. § 1681(A), et. Seq)

### (As Against Defendant UC Regents)

121.    Plaintiff K.W. repeats, re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same into this cause of action as though fully stated herein.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

122.   Title IX of the Education Amendments Act of 1972 states: "No person in the United States shall on the basis of sex, be ... subject to discrimination under any education program or activity receiving Federal financial assistance ..."  20 U.S.C. § 1681, et. seq. 167. Plaintiff K.W.  is a "person" under Title IX. Plaintiff K.W. was subjected to sexual harassment, abuse, and molestation by Defendants, as a student and medical patient at an institution under the control of the UC Regents.

123.   On information and belief, the UC Regents receive federal financial assistance for its education programs and is therefore subject to the provisions of Title IX of the Education Act of 1972,  20 U.S.C. § 1681(a), et. seq.

124.   The UC Regents are required under Title IX to investigate allegations of sexual assault, sexual abuse, and sexual harassment. The UC Regents failed to promptly and adequately investigate allegations of misconduct by Defendant Dr. Kevess.

125.   Defendants' conduct as described above constitutes and constituted sexual harassment, abuse, and assault, and constitutes sex discrimination under Title IX.

126.   The UC Regents had the authority to institute corrective measures and, on information and belief, were on notice of Defendant Dr. Kevess' conduct, as described above, and were on notice that Defendant Dr. Kevess posed a substantial risk to male and LGBTQ+ student-patients who sought or were referred to treatment from Defendant Dr. Kevess. The UC Regents nonetheless failed to carry out their duties to investigate and take corrective action under Title IX.

127.   The UC Regents were deliberately indifferent to the substantial risk to female patients/students that Defendant Dr. Kevess presented, and ignored the abuse that Defendant Dr. Kevess inflicted on Plaintiff K.W.  and others, allowed him to continue treating male and LGBTQ+ students at University Health, and continuing to refer students that were seen at the University Health to Defendant Dr. Kevess.

128.   As a direct and proximate result of the UC Regents' actions and/or inactions, Plaintiff K.W. has been damaged as more fully set forth above.

///



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TWELFTH CAUSE OF ACTION**

**SEXUAL HARASSMENT AND DISCRIMINATION IN THE EDUCATIONAL SETTING**

**(Cal. Educ. Code § 200 et. seq.)**

**(As Against All Defendants and DOES 1-50, Inclusive)**

129.   Plaintiff K.W. repeats, re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same into this cause of action as though fully stated herein.

130.   California Education Code § 201 states that "[a]ll pupils have the right to participate fully in the educational process, free from discrimination and harassment" and that "California's public schools have an affirmative obligation to combat ... sexism ... and a responsibility to provide equal educational opportunity."   California Education Code § 220 states, in pertinent part, that "[n]o person shall be subjected to discrimination on the basis of ... gender in any program or activity conducted by an educational institute that receives, or benefits from, state financial assistance, or enrolls pupils who receive state student financial aid." Further, California Education Code § 231.5 states "all persons, regardless of their sex, should enjoy freedom from discrimination of any kind in the educational institutions of this statement. The purpose of this section is to provide notification of the prohibition against sexual harassment as a form of sexual discrimination." Chapter 2 of the California Education Code may be enforced through a civil action. Cal. Educ. Code § 262.4.

131.   Plaintiff K.W.  is a "person" pursuant to the California Education Code and for whose protection the statute was adopted.

132.   On information and belief, UC Berkeley, controlled and under the authority of the UC Regents, is a public educational institution within the state of California.

133.   Plaintiff K.W.  was subjected to discrimination on the basis of her gender and sexual orientation by virtue of the sexual abuse, harassment, and molestation described more fully above, and Defendants are responsible for that discrimination and harassment.

134.   On information and belief, the UC Regents had actual knowledge or should have had knowledge that this sexual harassment, abuse, and molestation was occurring, including



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

by virtue of: (a) chaperones employed by the UC Regents witnessing Defendant Dr. Kevess' misconduct; and/or (b) other complaints of Defendant Dr. Kevess' misconduct. In the face of the aforementioned knowledge, the UC Regents acted with deliberate indifference by failing to respond appropriately to allegations of misconduct by Defendant Dr. Kevess and allowing him to remain as a physician at University Health and referring UC Berkeley students to him. The UC Regents failed to act notwithstanding a duty to report known or suspected incidents of physician misconduct towards patients and students. It was not until late April 2011 that Defendants allowed Defendant Dr. Kevess to "resign" and that Defendant Dr. Kevess' misconduct towards male and LGBTQ+ patients, including UC Berkeley students, finally abated.

135.   By failing to promptly report Defendant Dr. Kevess' misconduct, Defendants knew or should have known that they created a danger and risk to Plaintiff, students, and patients, and unreasonably and wrongfully exposed Plaintiff K.W. to harm.

136.   The harm, harassment, and discrimination Plaintiff K.W. suffered was so severe and offensive that it effectively deprived Plaintiff K.W. of the right of equal access to educational benefits and opportunities.

137.   As a direct and proximate result of the UC Regents' actions and/or inactions, Plaintiff K.W. has been damaged as more fully set forth above.

## THIRTEENTH CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA EQUITY IN HIGHER EDUCATION ACT

### (Education Code § 66250)

### (As Against All Defendants and DOES 1-50, Inclusive)

138.   Plaintiff K.W. repeats, re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same into this cause of action as though fully stated herein.

139.   Section 66281.5 of the California Education Code (part of the Equity in Higher Education Act) provides in pertinent part: "It is the policy of the State of California, pursuant to Section 66251, that all persons, regardless of their sex, should enjoy freedom from



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

discrimination of any kind in the postsecondary educational institution[s] of the state. The purpose of this section is to provide notification of the prohibition against sexual harassment as a form of sexual discrimination and to provide notification of available remedies."

140.    On information and belief, UC Berkeley, controlled and under the authority of the UC Regents, is a postsecondary educational institution within the state of California.

141.    Plaintiff K.W.  was subjected to discrimination on the basis of his gender and sexual orientation by virtue of the sexual abuse, harassment, and molestation described more fully above, and Defendants are responsible for that discrimination and harassment.

142.    On information and belief, the UC Regents had actual knowledge or should have had knowledge that this sexual harassment, abuse, and molestation was occurring, including by virtue of: (a) chaperones employed by the UC Regents witnessing Defendant Dr. Kevess' misconduct; and/or (b) other complaints of Defendant Dr. Kevess' misconduct. In the face of the aforementioned knowledge, the UC Regents acted with deliberate indifference towards responding to allegations of misconduct by Defendant Dr. Kevess and allowed him to remain as a physician at University Health and referring UC Berkeley students to him. The UC Regents failed to act notwithstanding a duty to report known or suspected incidents of physician misconduct towards patients and students. It was not until June 2018 that Defendants allowed Defendant Dr. Kevess to resign and that Defendant Dr. Kevess' misconduct towards female patients, including UCLA students, finally abated.

143.    The UC Regents' conduct as alleged above constitutes sexual harassment as a form of sexual discrimination against Plaintiff, and violated the Equity in Higher Education Act.

144.    Plaintiff K.W.  is entitled to enforce the Act through a civil action pursuant to California Education Code § 66292.4.

145.    As a direct and proximate result of the UC Regents' actions and/or inactions, Plaintiff K.W. has been damaged as more fully set forth above.

///

///

///



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For past and future economic/special damages in an amount which will conform to proof at time of trial;

2. For past and future non-economic and general damages, according to proof at the time of trial;

3. For punitive and exemplary damages in an amount to be determined at trial against Defendant Dr. Kevess;

a. For interest based on damages, as well as pre-judgment and post-judgment interest as allowed by law;

4. For declaratory and injunctive relief, including but not limited to court supervision of the UC Regents;

5. For attorneys' fees as provided by statute;

6. For restitution and disgorgement; and

7. For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest.

DATED:  February 12, 2021            **DOLAN LAW FIRM, PC**

By: _____
    Christopher B. Dolan, Esq.
    Lourdes DeArmas, Esq.
    Attorneys for Plaintiff K.W.



## **DEMAND FOR JURY TRIAL**

Plaintiff K.W. hereby demands a trial by jury.


DATED:  February 12, 2021                    **DOLAN LAW FIRM, PC**


By: _____
            Christopher B. Dolan, Esq.
            Lourdes DeArmas, Esq.
            Attorneys for Plaintiff K.W.



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**